462 So.2d 249 (1984)
STATE of Louisiana
v.
Douglas M. LEE and Leon Percy.
No. KA 1802.
Court of Appeal of Louisiana, Fourth Circuit.
December 19, 1984.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Joanne C. Marier, Pamela S. Moran, Asst. Dist. Attys., New Orleans, for plaintiff-appellee.
Bryan C. Gustafson, Student Practitioner, Calvin Johnson, David Girard, Supervising Attys., Loyola Law School Clinic, New Orleans, for defendants-appellants.
Before SCHOTT, BYRNES and ARMSTRONG, JJ.
SCHOTT, Judge.
Defendant, Douglas M. Lee, was convicted of possession with intent to distribute pentazocine in violation of LSA-R.S. 40:967 and sentenced to four years at hard labor. He pled guilty to the offense reserving his right to appeal from the trial court's previous denial of his motion to suppress. Thus, his only assignment of error is that the trial court erroneously denied the motion.
However, we first note that there are no errors patent on the face of the record.
Officer Elder testified as follows: He and Officer Chimento, both narcotics officers, received information from a "reliable confidential informant" that Rose Tobias was selling wholesale "sets" of talwin and *250 pyrabenzamine from 3026 South Robertson Street. At 2:50 P.M. they set up a surveillance and observed defendant and Leon Percy, a co-defendant in the trial court, leaving the premises and looking about as they walked toward a van. Elder recognized defendant as a self admitted narcotic user with whom he had contacts previously. Defendant was carrying a cloth object. Defendant and Percy drove off in the van, and the officers followed them for a short distance. The officers stopped the van, and, as they walked up to it, they saw Percy place under the seat a black object which Elder thought was a weapon. After ordering the suspects from the van, Chimento found a gun and forty-seven sets of talwin and pyrabenzamine under the seat. A further search of the van uncovered a shotgun and nineteen more sets.
The issue is whether the police had the right to stop defendant under the circumstances. If so, the evidence discovered after the stop was admissible. A policeman may stop a person in a public place whom he reasonably suspects is committing or has committed an offense. C.Cr.P. Art. 215.1. Reasonable cause for such a stop is something less than probable cause required to make an arrest under C.Cr.P. Art. 213 and must be determined under the facts of each case. State v. Belton, 441 So.2d 1195 (La.1983). The detaining officer must have knowledge of specific, articulable facts which reasonably warrant the stop. State v. Flowers, 441 So.2d 707 (La. 1983).
We readily conclude that the facts in the officers' possession were quite sufficient to support a reasonable suspicion that defendant had just obtained narcotics and still had them in his possession. To recapitulate such facts: they 1) had a tip from a reliable informant that drugs were being sold at a specific address; 2) observed defendant leaving the premises carrying an object which could contain drugs; 3) recognized defendant as a known drug user; and 4) observed defendant looking about as he walked toward the van. Under the cited cases and the clear provisions of C.Cr.P. Art. 215.1 the officers were justified in stopping defendant, and the motion to suppress the evidence was properly denied.
AFFIRMED.