BYRNES, Judge.
Defendant, Joe Standley, AKA Joe Stam-pling, was convicted of simple robbery, a violation of La.R.S. 14:65. He was found to be an habitual offender and sentenced to ten years at hard labor without the possibility of parole. He appeals this conviction based on three assignments of error. We find these assignments to be without merit and affirm his conviction and sentence.
FACTS
In March of 1983, the Chalmette police responded to a suspicious person call. As the police approached the address of the call, a parked car sped away. Simultaneously, a man ran out of the house yelling “Stop that man! Stop him!” After a short chase, the officers stopped the car and asked the driver for his license. When the driver, later identified as the defendant, admitted that he did not have one he was immediately arrested.
Further investigation by the officers revealed that the defendant matched the description of an armed robber given one month earlier by Louis Jones. Jones was contacted and asked to participate in an identification. Initially, Jones was asked to identify the man who robbed him from six photographs, including one of the defendant. He chose the defendant. As soon as it could be arranged, Jones was asked to view a physical line up. Once again, he identified the defendant.
Based on this identification, defendant was charged with the robbery of Jones. Prior to trial, the defendant moved to suppress his identification. His motion was denied. After trial, the defendant moved for a new trial. This motion was also denied.
ASSIGNMENT OF ERROR NO. I
Defendant contends that the initial investigatory stop which led to his arrest was illegal. We disagree.
Reasonable cause for an investigatory stop or detention is something less than probable cause. Nevertheless, it re *993 quires the detaining officer to have articu-lable knowledge of particular facts sufficiently reasonable to suspect the detained person of criminal activity. State v. Shea, 421 So.2d 200 (La.1982); State v. Bickham, 404 So.2d 929 (La.1981); State v. Edsall, 385 So.2d 207 (La.1980). The critical inquiry in determining the validity of an investigatory stop focuses on the knowledge in the officers’ possession at the time of the stop and whether that knowledge constitutes reasonable cause for such a stop. State v. Williams, 421 So.2d 874 (La.1982).
In this case, the officer testified that he responded to a call concerning a suspicious person. As he approached the address, a car directly in front of the house pulled away from the curb and a man ran out of the house yelling “Stop that man! Stop him!” Under these circumstances, the officer had reasonable cause to believe that criminal activity had taken place and thus had reasonable cause to stop the vehicle. Once he learned that the driver did not have a license, the officer had probable cause to arrest. State v. Franklin, 449 So.2d 63 (La.App. 4th Cir.1984). This assignment is without merit.
ASSIGNMENT OF ERROR NO. 2
The defendant claims that the trial court erred by denying his motion to suppress the out-of-court identifications. He maintains that the procedures used in conducting the photographic and physical line-ups were so impermissibly suggestive as to be defective. Defendant further maintains that the procedures used during those identifications tainted the later in-court identification. Defendant claims his physical characteristics, particularly his age and height, focused the victim’s attention on him. We disagree.
To suppress an identification, a defendant must prove two things: 1) that the identification was “suggestive”, and 2) that there was a likelihood of misidentification in the identification procedure. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), State v. Doucet, 380 So.2d 605 (La.1979). To determine if a lineup is unduly suggestive, courts should examine the characteristics and features of the persons in the lineup (eg. build, hair, facial hair, and complexion). Although a strict identity of physical characteristics among those persons is not required, they should be sufficiently similar to assure that the witness’ attention is not unduly focused on the defendant. State v. Guillot, 353 So.2d 1005 (La.1977).
In this case, the victim described his assailant as a black man in his forties with dark skin and a medium length afro, weighing one hundred eighty pounds and standing six feet tall. He stated that he had brown eyes and a swollen thumb on his left hand. In the six photographs he was first shown, all the subjects are black males with dark skin. Five have medium length afros. Of those five, three could be described as forty. Any of the six might weigh one hundred eighty pounds and stand six feet tall. Although one of the photographs depicts a man with a mous-tache and glasses, no mention of the presence or absence of glasses or a moustache was made in the victim’s description. Thus, it does not appear that the initial array was unduly suggestive or that it tainted subsequent identifications.
The victim was next shown a physical line-up. Except for the defendant, none of the other four persons in the line-up had been in the original photographic array. In the line-up, only four of the five men had dark skin. One of the four had hair longer than medium length and wore a beard. Two of the remaining three were younger than forty. Although the picture of the line-up does not show if any of the men stand six feet tall, the defendant is substantially taller and is the only person with a hurt left thumb.
Thus, it appears that the line-up may have been suggestive in that the defendant’s build, hair, facial hair and complexion were enough unlike the other persons in the line-up to draw the witness’s attention to him. However, even assuming the line-up was unduly suggestive, we do *994 not feel that there was substantial likelihood of a misidentification in this case.
It is the likelihood of misidentification which violates a defendant’s right to due process, not merely a suggestive identification procedure. Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). Reliability is the linchpin in determining the admissability of identification testimony. Manson v. Brathwaite, supra. The following factors have been found relevant in determining the reliability of an identification:
1) the opportunity of the witness to view the criminal at the time of the crime; 2) the witness’s degree of attention; 3) the accuracy of the witness’s prior description of the criminal; 4) the level of certainty demonstrated by the witnesses; and 5) the length of time between the crime and the confrontation. State v. Guillot, 353 So.2d 1005 (La.1977).
In this case, Jones was robbed when a man approached him and asked for help starting his car. Jones agreed and drove around the corner to where the man had indicated his car was located. When Jones got there, the man pointed a gun at him, took his money and watch and fled.
In our opinion, Jones had a more than adequate opportunity to view the defendant at the time of the crime. He had two face to face conversations with the defendant; first when the defendant asked for help with his car and again when the defendant robbed him at gunpoint. Jones’ attention must have been focused on the defendant in order to recognize him as the man he agreed to help. Moreover, Jones’ description of the robber when he first reported the crime matched that of the defendant. Although approximately one month passed between the crime and the identification, we cannot say that this factor renders the identification unreliable, given the strength of the other factors discussed above. This assignment is without merit.
THIRD ASSIGNMENT OF ERROR
By this assignment, defendant alleges that the trial court erred by denying his motion for new trial which was based on the ground that the verdict was contrary to the law and evidence. Under C.Cr.P. Art. 858, an appellate court cannot review the granting or denial of a motion for new trial except for an error of law. A Motion for new trial on the ground that the verdict is contrary to the law and evidence addresses the factual question of sufficiency of the evidence and therefore presents nothing for review. State v. Arnold, 351 So.2d 442 (La.1977) only an allegation that there is no evidence of the crime or one of its essential elements raises a question of law reviewable by this court. State v. Hatter, 350 So.2d 149 (La.1977). Because no such allegation was made in this case we do not consider this assignment of error.
For the foregoing reasons defendant’s conviction and sentence are affirmed.
AFFIRMED.