495 So.2d 310 (1986)
STATE of Louisiana
v.
Oliver BARNES.
No. KA-4211.
Court of Appeal of Louisiana, Fourth Circuit.
September 12, 1986.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., A. Hammond Scott, Pamela S. Moran, Asst. Dist. Attys., New Orleans, for plaintiff.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant.
Before BARRY, CIACCIO and HUFFT, JJ.
BARRY, Judge.
The defendant was convicted of aggravated arson, La.R.S. 14:51, and sentenced to seven years at hard labor, the first two years without benefit of parole, probation or suspension of sentence, plus $24.00 court costs or an additional thirty days.
On April 20, 1983 the New Orleans Fire Department extinguished a fire in a wood shed at 1419 Nunez St. and arson was the cause. The house was occupied by Warren Thomas, his girlfriend, Sharon Coler, and others. Coler testified she recently ended a relationship with the defendant and was dating Thomas. Jamie Miles, a twelve year old who lived at 1423 Nunez St., testified he saw the defendant in his backyard the afternoon of the fire. The defendant asked where Warren lived and Jamie indicated the house. Later he saw the defendant trying to slide under Warren's house. Jamie identified the defendant in a photographic line-up and at trial.
The defendant was arrested, signed a Waiver of Rights form, and confessed that he put a burning piece of cardboard under the door of the shed at Thomas' house. He *311 said he was upset and angry with Sharon Coler.
The defendant disputed the confession, claimed an alibi when the fire was set, alleged he asked for an attorney during questioning, and was beaten into signing the statement without reading it. The officer who took the statement refuted the claims.
The only assignment of error relates to the denial of the motion to suppress the confession. Since this assignment was not briefed or argued, it is considered abandoned.[1]State v. Joseph, 425 So.2d 1261 (La.1983).
In our review for errors patent we note that the defendant, despite being represented by the Orleans Indigent Defender Program, was assessed $24.00 court costs or serve thirty days. See State v. Williams 288 So.2d 319 (La.1974).
The trial court cannot impose a fine and automatically convert it into an additional prison term solely because the indigent defendant cannot pay regardless of whether the aggregate sentence exceeds the statutory maximum. See Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970).
In State v. Henry Williams, 489 So.2d 286 (La.App. 4th Cir.1986), we made a comprehensive jurisprudential analysis and concluded that imposing a fine in default of which an indigent would serve an additional prison term (although the aggregate sentence did not exceed the statutory maximum) is a violation of the defendant's right to due process and equal protection under the law. U.S. Const.Amend. XIV; La Const. Art. I, §§ 2 & 3. We also found that sentencing an indigent to jail for non-payment of a fine is excessive punishment. U.S. Const.Amend. VIII; La Const. Art. I, § 20.
The same result should follow when court costs are imposed. In Henry Williams we noted the Supreme Court granted a writ in State v. Garrett, 480 So.2d 412 (La.App. 4th Cir.1985) to amend the sentence to delete the thirty additional days in default of court costs. 484 So.2d 662 (La. 1986). Subsequently, a writ was also granted in State v. Barlow, No. KA-3174 (La.App. 4th Cir. January 15, 1986 unpublished), to amend the sentence. 488 So.2d 180 (La.1986). Most recently, in State v. Jackson, 492 So.2d 1265 (La.App. 4th Cir. 1986), this Court amended the sentence to delete the additional sentence in default of court costs.
The conviction is affirmed. The sentence is amended to delete the additional thirty days in default of court costs.
CONVICTION AFFIRMED; SENTENCE AMENDED.
NOTES
[1] Defense counsel's brief was filed before the motion to suppress transcript was filed. We issued an order informing counsel that the transcript had been received and allowed time to file a supplemental brief, but none was filed.