514 So.2d 592 (1987)
STATE of Louisiana
v.
William SABILLION.
No. KA-7086.
Court of Appeal of Louisiana, Fourth Circuit.
October 7, 1987.
*593 William J. Guste, Jr., Atty. Gen., William B. Faust, III, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Rockne L. Moseley, Joseph H. McCusker, III, Asst. Dist. Attys., New Orleans, for appellee.
Sherry Walters, Orleans Indigent Defender Program, New Orleans, for appellant.
Before BARRY, BYRNES and ARMSTRONG, JJ.
BYRNES, Judge.
Defendant, William Sabillion, was charged with being a convicted felon in possession of a weapon, a violation of R.S. 14:95.1. He pled not guilty, and moved to suppress the evidence. When the trial court denied his motion to suppress, Sabillion pled guilty as charged, reserving his right to appeal the denial of his motion to suppress pursuant to State v. Crosby, 338 So.2d 584 (La.1976). He was sentenced to five years at hard labor and ordered to pay a fine of $1,000.00 or serve an additional one day in Orleans Parish Prison in default of payment. The defendant now appeals, seeking review of the trial court's denial of the motion to suppress.

FACTS
New Orleans Police Officer Michael Smith and his partner were on routine patrol at approximately 12:45 a.m. when they received a radio dispatcher's call stating *594 that an anonymous caller had reported two suspicious characters at the intersection of Clouet and N. Villere Streets. One of the subjects was described as a white man wearing a striped shirt and blue jeans. This subject was allegedly carrying a concealed weapon. The officers proceeded to the intersection and saw two men. When one of the men, later identified as the defendant, saw the approaching police car he turned around and started walking away at a fast pace. According to Officer Smith, this man matched the description given to the dispatcher in every detail. The officers exited their car, and ordered the suspect to come toward them. At first, the defendant acted as if he hadn't heard the officers. However, after the officers called several times, the defendant turned around and walked toward them carrying an army backpack under his arm. Officer Smith took the backpack and handed it to his partner. He then proceeded to pat the two men down for weapons. As Officer Smith was doing this, his partner noticed the stock of a weapon sticking out of the backpack. The officer opened the pack and discovered a nine millimeter machine gun broken down into three units. The officers arrested the defendant and subsequently learned that he had a prior felony conviction for burglary of an inhabited dwelling.

ASSIGNMENT OF ERROR NO. 1
The defendant argues that the trial court erred in denying his motion to suppress the evidence. He maintains that the initial stop and detention were without reasonable grounds and that the search and seizure of his backpack was illegal and without probable cause. We disagree.
Federal and state jurisprudence as well as Louisiana statutory law all provide that a police officer has the right to temporarily detain and interrogate a person whom he reasonably suspects is committing, has committed or is about to commit a crime. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Jernigan, 377 So.2d 1222 (La.1979) cert. den., 446 U.S. 958, 100 S.Ct. 2930, 64 L.Ed.2d 816 (1980); La.C.Cr.P. Art. 215.1. Reasonable cause for an investigatory stop is something less than probable cause and it must be determined under the facts of each case whether the officer had sufficient knowledge of facts and circumstances to justify an infringment on an individual's right to be free from governmental interference. State v. Belton, 441 So.2d 1195, 1198 (La.1983) cert. den. Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). An informant's tip can provide a police officer with reasonable cause to stop and question a suspect. State v. Anderson, 478 So.2d 163 (La.App. 4th Cir.1985). However, if the informant has not provided reliable information in the past, or is not otherwise known to be reliable by the police, independent corroboration of the information is necessary. State v. Jernigan, supra.
Here, the officers located an individual who perfectly matched the description of an alleged gun carrier at the exact location given by the unknown informant. Moreover, when he first saw the police car, the suspect tried to avoid an encounter and acted evasively. We find that these observations were adequate to corroborate the informant's tip and justify an investigatory stop of the defendant.
Once a lawful detention has occurred, a police officer is justified in frisking a suspect for weapons where the officer reasonably suspects he is in danger or that the suspect possesses a dangerous weapon. C.Cr.P. Art. 215.1(B). We have no doubt that the facts and circumstances known to the officers in this case justified a pat down search for weapons. The information given to them by the dispatcher indicated that they were going to encounter a man who was carrying a concealed weapon. The defendant matched the description of the suspect allegedly carrying the weapon. Given this knowledge, it was more than reasonable for Officer Smith to suspect that he might be in danger or that the defendant might possess a dangerous weapon. Thus, a pat down search was fully justified. However, the weapon was not found as a result of the pat down search. To conduct the search thoroughly and safely, Officer Smith had to remove the defendant's back pack from under his *595 arm and hand it to the other officer. We do not view this as a seizure; it was simply a common sense, safety oriented procedure which any reasonable man would follow. When Officer Smith's partner took the defendant's back pack he immediately noticed that the stock of a gun was protruding from the pack. Seizure of this weapon was therefore justified under the "plain view" exception to the search warrant requirement.
In order for a warrantless search and seizure to be valid under the "plain view" doctrine there must be: 1) a prior justification for intrusion into the protected area; 2) in the course of which evidence is inadvertently discovered; and it must be immediately apparent, without close inspection, that the item seized is evidence or contraband. State v. Johnson, 463 So.2d 778 (La.App. 4th Cir.1985); State v. Smith, 466 So.2d 752 (La.App. 4th Cir.1985).
As discussed earlier in this opinion, the police were justified in stopping the defendant. Moreover, the record convinces us that discovery of the weapon was inadvertantit literally stuck out of the pack. Finally, there can be no doubt that it was immediately apparent to the officers that the object they observed was the stock of a gun. Under these circumstances we perceive no constitutional defect in the warrantless seizure of the weapon and affirm the trial court's denial of the motion to suppress.
We have also reviewed the record for errors patent and note that the trial court imposed a mandatory fine and, in default of payment thereof, imposed one additional day in Orleans Parish Prison. This was error. The trial court cannot impose a fine and automatically convert it into an additional prison term if the defendant is indigent, regardless of whether the aggregate sentence exceeds the statutory maximum. State v. Garrett, 484 So.2d 662 (La.1986); State v. Barnes, 495 So.2d 310 (La.App. 4th Cir.1986). In this case, defendant is unquestionably indigent, having been represented by a member of the Orleans Indigent Defender Program at every stage of the proceedings. We therefore amend his sentence to delete that portion which imposes an additional day in Parish Prison in default of payment of the fine. C.Cr.P. Art. 882. In all other respects defendant's conviction and sentence are affirmed.
CONVICTION AFFIRMED; SENTENCE AMENDED.