522 So.2d 1187 (1988)
STATE of Louisiana
v.
Ernest MONCRIFFE, Jr. and Robert Johnson.
No. KA-8312.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1988.
*1188 Harry F. Connick, Dist. Atty., Terry M. Boudreaux, R. Jeffrey Bridger, Asst. Dist. Attys., New Orleans, for plaintiff-appellee State.
Martha L. Waters, Student Practitioner, Michael S. Gallagher, S.J., Supervising Atty., New Orleans, for defendant-appellant Ernest Moncriffe, Jr.
Before GULOTTA, C.J., and KLEES and LOBRANO, JJ.
KLEES, Judge.
Ernest Moncriffe, Jr., defendant, was arrested on March 11, 1987 for possession of stolen property of a value more than $500.00. A preliminary hearing was held on May 15, 1987, and on June 25, 1987, the trial judge denied the motion to suppress evidence and found probable cause for the arrest. On July 9, 1987, the defendant changed his plea to guilty as charged, reserving his right to appeal under State v. Crosby, 338 So.2d 584 (La.1976). The defendant waived all sentencing delays and was sentenced to five (5) years at hard labor, with credit for time served. The jail term was suspended, and defendant was ordered to serve five (5) years on active probation, pay ten dollars ($10.00) per month to the Department of Corrections to cover supervisory costs, attend the "Group for Success" for five (5) years, pay $100.00 in court costs or face an additional fifteen (15) days in Orleans Parish Prison ("OPP"), and pay $100.00 in fines to the Criminal Court Fund.
On March 10, 1987, Officer Keith Ferguson received a radio call reporting a suspicious vehicle. A person who lived in the neighborhood reported the vehicle as suspicious because there had been two burglaries in the area and when he had approached the vehicle to question its occupants, the vehicle had departed. The vehicle was a blue Datsun bearing the license plate number 911B142. The next day, Wednesday, March 11, 1987, at approximately 10:00 a.m., Officer Ferguson noticed the vehicle at the stop light on Kabel Drive and General de Gaulle, approximately four blocks from the original site. The officers decided to question the three men in the vehicle because of the two prior burglaries. The officers turned their siren on. At this point the car sped away and eventually stopped on a dead end street where the three occupants jumped out and fled on foot. The three men were apprehended, returned to the location of the car and arrested. Inside of the car was a microwave, a camera, and several pieces of stereo equipment.
The three were arrested for possession of stolen property totalling more than $500.00.
A review of the record for errors patent reveals that the defendant was sentenced to an illegally harsh sentence. Effective August 4, 1987, the defendant was represented by the Loyola Law Clinic, indicating that he is indigent. State v. Huffman, 480 So.2d 396 (La.App. 4th Cir.1985). Hence, upon a showing of indigency, the defendant cannot be required to serve additional jail time in lieu of paying a fine or costs. State v. Ellzey, 496 So.2d 1090 (La. App. 4th Cir.1986); State v. Barnes, 495 So.2d 310 (La.App. 4th Cir.1986).
Accordingly, that portion of the sentence requiring the defendant to serve an additional fifteen (15) days in lieu of paying $100.00 in court costs is deleted. In all other respects the sentence is affirmed.
Under State v. Crosby, supra, the defendant reserved his right to appeal the denial of his motion to suppress the evidence.
Reasonable cause for an investigatory stop is something less than probable cause for arrest and must be determined under the facts of each case. The issue is whether the officer had sufficient knowledge of facts and circumstances to justify an infringment on the individual's right to be free from government interference. The right to make an investigatory stop must be based upon reasonable cause to believe that the suspect has been, is, or is about to be engaged in criminal activity. State v. Ossey, 446 So.2d 280 (La.1984); State v. Belton, 441 So.2d 1195 (La.1983); State v. Andrishok, 434 So.2d 389 (La.1983). The *1189 detaining officer must have knowledge of specific, articulable facts which reasonably warrant the stop. State v. Lee, 462 So.2d 249 (La.App. 4th Cir.1984). The totality of the circumstances must be considered in determining whether reasonable cause exists. Belton; U.S. v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981).
To assess the reasonableness of a search and seizure, one must examine the governmental objectives which would justify an intrusion upon constitutionally protected interests; the "reasonableness" must be determined on a case by case basis. Lee; Belton. La.C.Cr.P. art. 215.1 allows a police officer to stop a person in a public place whom "he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions."[1] Inherent in this right to detain is the right to obtain information independently of his cooperation. White v. Morris, 345 So.2d 461, 464 (La. 1977).
In State v. Standley, 485 So.2d 991 (La.App. 4th Cir.1986), this court found that the detaining police officer had reasonable cause to believe that the defendant may have been involved in criminal activity. The police officer had received a call reporting a suspicious person; as he approached the house, a man came running out screaming, "Stop that man. Stop him." Id. at 993. The court found that the officer had knowledge of specific, articulable facts sufficient to justify an investigatory stop of the defendant in his car. See also State v. Williams, 421 So.2d 874 (La.1982). While flight, nervousness or startled behavior at the sight of a police officer is not in and of itself enough to constitute reasonable cause to make an investigatory stop, these factors may be highly suspicious and lead to a finding of reasonable cause to detain the individual. State v. Belton, 441 So.2d 1195 (La.1983).
The facts in this case are analogous to those in State v. Sabillion, 514 So.2d 592 (La.App. 4th Cir.1987). In Sabillion, as in this case, the officers were relying upon information furnished by an unknown informant, and the suspect attempted to avoid the encounter. The court concluded that the observations that were made were adequate to corrobrate the informant's tip and justify an investigatory stop of the defendant. We conclude that the police officers did have reasonable cause to stop the defendants for questioning, and that the flight of the defendants served to buttress this position. The officer knew that two burglaries had occurred in the area on the day before, and this car had been reported as suspicious. He reasonably thought that this car migth have been casing the area, and had searched for the same car on March 10, 1987, the day of the burglaries, but had not found it. Therefore, when he saw the car early on March 11, 1987, in the same area, he attempted to stop the individuals to question them.
This assignment of error lacks merit.
Accordingly, for the above reasons, defendant Ernest Moncriffe's conviction is affirmed, and the sentence is amended to delete that portion requiring additional jail time in lieu of paying the $100.00 in court costs. In all other respects, the sentence is to remain the same.
CONVICTION AFFIRMED SENTENCE AMENDED.
NOTES
[1] A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.

B. When a law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officer reasonably suspects the person possesses a dangerous weapon, he may search the person.
C. If the law enforcement officer finds a dangerous weapon, he may take and keep it until the completion of the questioning, at which time he shall either return it, if lawfully possessed, or arrest such person.