546 So.2d 215 (1989)
STATE of Louisiana
v.
Charles GERVAIS and Michael Phillips.
No. 88-KA-1776.
Court of Appeal of Louisiana, Fourth Circuit.
June 8, 1989.
*216 Harry F. Connick, Dist. Atty. Jack Peebles, Asst. Dist. Atty. New Orleans, for plaintiff.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendantCharles Gervais.
Jack H. Tobias, New Orleans, for defendantMichael Phillips.
Before BARRY, KLEES and ARMSTRONG, JJ.
BARRY, Judge.
The defendants, Charles Gervais and Michael Phillips,[1] were charged with simple burglary of an inhabited dwelling, La.R.S. 14:62.2. Gervais moved to suppress his statement and the evidence and Phillips adopted the motions which were denied and they pleaded guilty subject to their appeal under State v. Crosby, 338 So.2d 584 (La. 1976). Gervais was sentenced to six (6) years at hard labor and Phillips to five (5) years at hard labor, the sentences to run concurrently with any other sentence they were serving.
Phillips assigns as error: (1) the finding of reasonable cause for the police to stop the truck and (2) finding probable cause to search the truck.[2] Gervais makes one argument (which overlaps Phillips' two assignments) that the trial court erred by ruling that the defendants' confessions and the evidence were admissible as fruits of a legal stop and arrest.

FACTS
At the preliminary/motion to suppress hearing Chris Daigle testified that his brother Andre and Andre's truck had been missing for several days. He spotted the truck near midnight of June 13, 1987 and followed it to Pearl River when he saw a police car and reported that the truck belonged to Andre. Daigle said the suspect truck had tinted glass and no tool box, whereas his brother's truck had a tool box and no tinted glass. Daigle and his wife were certain the truck belonged to Andre Daigle.
Pearl River Officer Tom Corley testified that he and his partner were stopped between midnight and 1:00 a.m. on June 14, 1987 when an automobile driven by Chris Daigle stopped. Virginia Daigle was hysterical and advised that the truck which just passed belonged to her missing brother-in-law. Officer Corley chased the truck and when it speeded up he called for help.
Captain McKenzie testified that Officer Corley initiated the high speed pursuit and when they caught the truck McKenzie asked the driver for his license which he did not have. Captain McKenzie requested the driver and passenger, Gervais and Phillips, to go to the rear of the vehicle. The passenger door was left open and the driver's door was closed. Both men were given Miranda rights and questioned about the vehicle owner's whereabouts. They gave no answer.
*217 Captain McKenzie used a flashlight to look for the vehicle's inspection sticker, to check inside for the missing man, and for the reason why Gervais and Phillips attempted to flee. McKenzie saw two handguns on the floorboard of the passenger side of the front seat. One was in clear view, the other partially visible. McKenzie did not remember if the windows were tinted, but could clearly see into the truck. He seized the weapons, a semi-automatic pistol and a .44 magnum.
Captain McKenzie checked the license plate through the National Crime Information Center (NCIC) and it was not listed. The guns were not reported stolen, but later that day were reported stolen from a New Orleans home. Gervais and Phillips had prior felony charges (according to NCIC) and Gervais a felony conviction. Both men were arrested on suspicion of possession of a stolen vehicle.
Captain McKenzie's report confirmed the men were arrested for being in possession of a vehicle belonging to a missing person. He said Jefferson Parish had a missing person's report on Andre Daigle. Officer Corley said a flyer had been brought to the Pearl River police department. Captain McKenzie stated Gervais was also arrested for being a felon in possession of a firearm.
Officer Corley said the Daigles identified the vehicle as Andre Daigle's truck. Gervais and Phillips could not show the truck's registration and were taken to headquarters. Captain McKenzie participated in taking Gervais' statement about two hours after his arrest. Gervais at first requested an attorney, was advised of his right to remain silent, but made a statement.
Ben Raynor, Chief of the Pearl River police department, testified that Gervais and Phillips confessed to the murder of Andre Daigle in Kenner[3] and a burglary in New Orleans. Raynor contacted the Jefferson Parish and Kenner police departments and turned both men over to the Kenner police that night. He never contacted the New Orleans police, but two days later two NOPD detectives arrived with the burglary victim.
NOPD Detective Austin testified that he investigated the Cappell burglary which occurred on June 12, 1987. On June 15 Detective Ballex called with information from the burglary victim, Jack Cappell. Cappell had read about the property which was recovered from Gervais and Phillips and it fit what was stolen from his residence. Detective Austin said he did not read the defendants' statements and was not aware of their burglary confession.
Detective Austin saw Gervais in Jefferson Parish, advised him of his rights, and took a statement in which Gervais implicated himself, Phillips and Ponder with the burglary. Jefferson Parish Detective Noullet was present. Detective Austin had no NOPD waiver of rights form and listed the rights on the typed statement. Gervais signed, dated, and initialed his statement. Gervais specified the location of jewelry and $10 in foreign currency taken from Cappell's house.
Detective Austin notified Detective Ballex and on June 16 Ballex recovered Cappell's property. On June 17 arrest warrants were signed.
Ponder turned himself in, was advised of his rights, executed a waiver of rights form, made a statement, and led the police to Cappell's shotgun. Detective Austin accompanied Cappell to Pearl River to identify his weapons and Austin took possession of the guns.
Gervais refused to be sworn and did not testify.

REASONABLE CAUSE
The Fourth Amendment to the U.S. Constitution and Article I, § 5 of the Louisiana Constitution protect persons against unreasonable searches and seizures. Stopping a vehicle and detaining its occupants constitute *218 a seizure under the Fourth Amendment, even if the stop is a brief detention. Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). Whenever an officer restrains a person's freedom, that amounts to a seizure and the basis must be reasonable. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Such a stop is justified on less than probable cause for arrest. State v. Flowers, 441 So.2d 707 (La.1983).
Law enforcement officers have the right to stop a person who is reasonably suspected of criminal activity. La.C.Cr.P.Art. 215.1; Terry v. Ohio, supra; State v. Andrishok, 434 So.2d 389 (La.1983). Reasonable cause for an investigatory stop is something less than probable cause. It must be determined that the officer had sufficient knowledge of facts and circumstances to justify infringement on an individual's right to be free from governmental interference. The officer must have reasonable cause to believe that the person has been, is, or is about to commit an offense or become engaged in criminal conduct. State v. Ossey, 446 So.2d 280 (La. 1984), cert. denied, 469 U.S. 916, 105 S.Ct. 293, 83 L.Ed.2d 228 (1984).
The detaining officer must have knowledge of specific, articulable facts which reasonably warrant the stop. State v. Flowers, supra; State v. Lee, 462 So.2d 249 (La.App. 4th Cir.1984). The totality of circumstances must be considered in determining whether reasonable cause exists. United States v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981); State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984).
If the officer does not have objective reasonable cause to suspect the person of criminal conduct, evidence seized as a result of the detention cannot be admitted. Terry v. Ohio, supra; State v. Matthews, 366 So.2d 1348 (La.1978).
The primary issue is whether Officer Corley and Captain McKenzie had reasonable cause to stop Gervais and Phillips.
Daigle's family identified Andre Daigle's Ford pick-up truck and his sister-in-law pleaded with Officer Corley to stop the truck.
When Officer Corley initiated pursuit the truck speeded up. Flight does not constitute reasonable cause, but is highly suspicious behavior and may lead to reasonable cause to detain. State v. Belton, supra.
In State v. Moncriffe, 522 So.2d 1187 (La.App. 4th Cir.1988) the police received a suspicious vehicle report from an unknown person who lived in a neighborhood where two burglaries had occurred. The next day the police spotted the vehicle, turned on the siren, and the car sped away. This Court held that the officer had reasonable cause to stop the fleeing suspects. See also State v. Sabillion, 514 So.2d 592 (La.App. 4th Cir.1987), writ. denied, 530 So.2d 559 (La.1988).
In State v. Standley, 485 So.2d 991 (La. App. 4th Cir.1986), police officers responded to a suspicious person call. A parked car sped away and a man ran out of the house yelling to the officers to stop the person in the car. This Court found the officers had reasonable cause to stop the vehicle.
There was a positive identification of the truck which belonged to Andre Daigle. The truck fled when pursued by the police and the trial court noted the officers' conduct:
But certainly when a missing person report has been filed and two strangers are driving a family member's truck, they're going to be detained. I hope to God they're going to be detained.... They had good reason to stop the truck.
We agree. The officers had reasonable cause to stop the truck and ask the occupants for identification and registration papers.

THE SEARCH
A search and seizure conducted without a warrant issued on probable cause is per se unreasonable subject to established exceptions. State v. Raheem, 464 So.2d 293 (La.1985). For the plain view doctrine to apply there must be a prior *219 justification for an intrusion into a protected area during which evidence was inadvertently discovered or an officer inadvertently observes evidence from a vantage point without an intrusion. It must be immediately apparent without close inspection that the items are evidence or contraband. When an officer observes evidence before entering a protected area, he may not seize it without obtaining a warrant absent exigent circumstances or another exception to the warrant requirement. State v. Ford, 407 So.2d 688 (La.1981); State v. Taylor, 501 So.2d 816 (La.App. 4th Cir.1986).
Captain McKenzie followed routine police procedure when he shined his flashlight to look for an inspection tag and the truck's missing owner or what was readily apparent. State v. Ford, supra; State v. Brown, 370 So.2d 525 (La.1979). Whatever is discovered by shining a flashlight into a vehicle at night is considered to be in plain view. State v. Edsall, 385 So.2d 207 (La. 1980); State v. Schouest, 351 So.2d 462 (La.1977).
The guns were discovered and the semi-automatic pistol and handgun were contraband. The officer's vantage point did not intrude on the protected area of the vehicle.
Captain McKenzie and Officer Corley stopped a missing person's vehicle driven by two strangers without a driver's license or registration papers. Under these circumstances the observation of two guns heightened their suspicions and warranted seizure of the guns.
The car was movable and its contents might have been lost if a warrant had to be obtained. See State v. Chaney, 423 So.2d 1092 (La.1982). See also Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). Captain McKenzie's conduct was justified by these exigent circumstances and the automobile exception is applicable.
We find justification for the warrantless search and seizure.

ARRESTS
Probable cause to arrest without a warrant exists when the facts and circumstances within the officer's knowledge are sufficient to justify a man of ordinary caution to believe that the person to be arrested has committed a crime. Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); State v. Ruffin, 448 So.2d 1274 (La.1984). Probable cause must be judged by practical considerations on which a reasonable police officer can be expected to act. State v. Tomasetti, 381 So.2d 420 (La.1980).
Gervais and Phillips were arrested after the truck was identified as belonging to a missing person. They did not have registration papers or a driver's license and handguns were on the floorboard. Gervais had a prior felony conviction and was in possession of a firearm. Phillips had a prior felony charge.
The officers had reasonable suspicion to stop the truck which ripened into probable cause to arrest.

EVIDENCE AND STATEMENTS
There is no merit to the argument that the evidence and statements were fruits of the poisonous tree. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

ERRORS PATENT
There is an error patent pertaining to the sentence. The penalty provision of La.R.S. 14:62.2 provides that one year of the sentence be served without parole, probation or suspension of sentence. State v. Caston, 477 So.2d 868 (La.App. 4th Cir. 1985). The defendants' sentences are unlawfully lenient.
Because this error is favorable to the defendants and was not raised by the State, we cannot amend the sentence. State v. Fraser, 484 So.2d 122 (La.1986).
The convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] A third defendant, Thomas Ponder, pleaded guilty to a reduced charge of simple burglary.
[2] Phillips did not brief or argue his assigned error as to the denial of his request for production of the Pearl River Police Department's telephone logs and records and it is deemed abandoned. State v. Williams, 362 So.2d 530 (La. 1978). Both Gervais and Phillips asked for an errors patent review which is undertaken by this Court in every appeal.
[3] Charles Gervais pleaded guilty to first degree murder in Jefferson Parish reserving his right to appeal the denial of his motion to suppress under State v. Crosby, 338 So.2d 584 (La.1976). The denial of the motion to suppress was upheld and his sentence was affirmed. State v. Gervais, 531 So.2d 555 (La.App. 5th Cir.1988), writ. denied, 536 So.2d 1251 (La.1989).