WARD, Judge.
On October 13, 1989, Defendant Iris M. Clemonts was charged by bill of information with a violation of La.R.S. 40:967(A), distribution of cocaine. On October 18, 1989, at her arraignment Ms. Clemonts pled not guilty. At trial November 8, 1989, she was found guilty as charged by a twelve member jury. The defendant was sentenced on November 15, 1989, to six years at hard labor and to pay court costs of $159.00 or to serve an additional thirty days in jail. Ms. Clemonts now appeals, arguing that the sentence imposed is illegal. We agree.
At trial NOPD Officer Tim Bayard testified that on April 19, 1989, while he was assigned to the narcotics division he worked as a backup to undercover agent Dwayne Carkum. Officer Bayard’s car contained a monitor and tape recorder and Agent Carkum’s car was equipped with a *599 one-way transmitter. Around 9:30 P.M. Officer Bayard was in the 9000 block of Hickory St. when he received a description from Agent Carkum of a black female wearing a purple bandanna on her head, a maroon pullover blouse and blue pants with vertical stripes. Agent Dwayne Carkum testified that on April 19, 1989, while driving an unmarked car down the 8800 block of Hickory St., Ms. Clemonts waved at him, he stopped his car, and she asked him what he was looking for. The agent told her he was looking for “a 20” (Trial transcript, p. 89), $20.00 worth of cocaine. At that the defendant got into the agent’s car and told him to drive to the corner of Eagle and Cohen streets. She complained that she had been “running stuff for those guys all night.” (Trial transcript, p. 89) She left the car, went into a house and emerged with a plastic bag containing white powder. As he left the scene the agent radioed the description of Ms. Clemonts to his backup team; he then circled the block; as he returned to the site of the purchase, he saw Officers Bayard and Messina interviewing Ms. Clemonts and signaled to them.
After Agent Carkum’s transaction with the woman, Officer Bayard and his partner, Edward Messina, drove to 1800 Eagle St. and conducted a field interview in which they asked her to fill out a card identifying herself. While the interview was in progress, Agent- Carkum drove past and indicated that the woman the officers were speaking to was the one who sold him cocaine.
The defendant argues she was illegally sentenced to pay costs or serve additional jail time. During the course of her court proceedings Ms Clemonts was represented by OIDP, indicating that she is indigent. State v. Huffman, 480 So.2d 396 (La.App. 4th Cir.1985). The defendant cannot be required to serve additional jail time in lieu of paying a fine or costs after a showing of indigency. State v. Ellzey, 496 So.2d 1090 (La.App. 4th Cir.1986); State v. Barnes, 495 So.2d 310 (La.App. 4th Cir.1986); State v. Moncriffe, 522 So.2d 1187 (La.App. 4th Cir.1988).
Accordingly, for reasons given above, Iris Clemonts’ conviction is affirmed and the sentence is amended to delete that portion requiring additional jail time in lieu of paying the $159.00 in court costs. In all other respects, the sentence is to remain the same.

Affirmed; Sentence Amended.