PLOTKIN, Judge.
James L. Bravo was charged by bill of information on November 11, 1990, with violations of R.S. 14:95.1, possession of a firearm by a convicted felon, and R.S. 40:967, possession with intent to distribute cocaine. At his arraignment on November 19, 1990, he pled not guilty. At a hearing on the motions on December 6, 1991, the trial court found probable cause to arrest the defendant; the decision on the Motion to Suppress the Evidence was held open until the trial date. On January 16, 1991, the day set for trial, the defendant entered a plea of guilty. He was sentenced to two four year terms to be served concurrently; additionally, in connection with the R.S. 14:95.1 violation, he was ordered to pay $1000 or to serve an additional ten days in jail.
A multiple bill based on the R.S. 40:967 violation was filed by the State on April 12, 1991; the court found the defendant to be a second offender and sentenced him under R.S. 15:529.1 to serve four years at hard labor, concurrent with any other sentence the defendant is serving. He now appeals arguing the trial court erred in imposing a fine or additional jail time on an indigent defendant and in denying the defendant’s Motion to Quash the multiple bill as untimely. We find merit in the first assignment of error. Moreover, a discrepancy between the minute entry of the multiple bill hearing and the transcript of the multiple bill hearing mandates remanding the case to ensure that the trial court advised the defendant of his rights before accepting the stipulation as to his identity.
The defendant first argues that the imposition of a fine of $1000 in lieu of ten days in jail is an illegal sentence. He was represented by OIDP counsel at trial and sentencing. This court has held that a *107 defendant found to be indigent anytime during the proceedings may not be given an additional term of imprisonment in lieu of payment of a fine or court costs. State v. Sabillion, 514 So.2d 592 (La.App. 4th Cir.1987), writ denied 530 So.2d 559 (La. 1988). Thus, this part of the defendant’s sentence is illegal. State v. Ellzey, 496 So.2d 1090 (La.App. 4th Cir.1986); State v. Barnes, 495 So.2d 310 (La.App. 4th Cir.1986); State v. Moncriffe, 522 So.2d 1187 (La.App. 4th Cir.1988).
Second, the defendant argues that the multiple bill was filed untimely. The habitual offender law, La.R.S. 15:529.1 D, provides in part: “If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of (another) felony,” the defendant may be charged as a multiple offender. The statute does not provide a prescriptive period; however, the Louisiana Supreme Court has held that the habitual offender bill must be filed within a “reasonable time” after the prosecution knows of defendant’s prior felony record. State v. Broussard, 416 So.2d 109, 110-111 (La.1982).
Courts have looked to the particular circumstances of each case in deciding whether the multiple bill was filed timely. When the defendant admitted to the allegations in an oral multiple bill on the same day he pled guilty to simple robbery, and the multiple bill was later set aside by this court, a multiple bill hearing held four months after remand was deemed timely. State v. Thompson, 539 So.2d 1008 (La.App. 4th Cir.1989), writ denied, 544 So.2d 399 (La.1989). Similarly a three month delay was not found to be unreasonable where the receipt of documents and preparation of the transcript caused the delay. State v. Patterson, 459 So.2d 714 (La.App. 4th Cir.1984).
In the case at bar, the multiple bill was filed less than three months after the defendant pled guilty. The defense cites no authority for the argument that a lapse of less than three months between sentencing and the multiple bill hearing is untimely. In contrast, in both State v. Thompson, supra, and State v. Patterson, supra, delays of four and three months were held to be not untimely. This assignment of error has no merit.
In examining this record, we find a discrepancy between the minute entry of the multiple bill hearing and the transcript of the hearing. The minute entry indicates that the “court interrogated the defendant as to his understanding of and the giving up of certain rights” and enumerates the rights the court explained to the defendant. The transcript contains an account of the defense attorney, the assistant district attorney and the trial court discussing the defendant’s prior plea and the timeliness of the multiple bill hearing, but there is no record of the court speaking to the defendant or advising him of his rights. Because the transcript governs this situation, we find that the trial court erred in accepting the stipulation as to the defendant’s identity without first informing him of his rights.
The procedure to be followed at a multiple bill hearing is stated in La.R.S. 15:529.1(D) which provides in pertinent part:
(T)he district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true.... If the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed.... [Emphasis added]
In State v. Martin, 427 So.2d 1182, 1184-85 (La.1983), this section of the statute was *108 interpreted to require that the defendant be advised of his right to a formal hearing and to have the State prove its case. Additionally, this section implicitly requires that the defendant be advised of his right to remain silent. State v. Johnson, 432 So.2d 815, 817 (La.1983).
At most multiple offender hearings the only factual issue is whether the defendant is the same individual previously convicted of a felony as alleged in the bill. Thus, it is error to accept a stipulation or a plea before advising the defendant of his rights, because an admission of identity at such a hearing is the equivalent of a plea of guilty. In the case at bar, the trial court never addressed the defendant during the multiple bill hearing.
In State v. Desmond, 524 So.2d 147 (La. App. 4th Cir.1988), where the defendant’s admission that he was the same person charged in the multiple bill was accepted by the trial court before informing him of his rights, the court stated:
The trial court must inform the defendant of these rights prior to the defendant’s plea on the multiple bill and before the defendant admits that he is the same person as charged in the multiple bill. If a defendant pleads guilty or admits that he is the same person charged in the multiple bill before the trial court informs him of the rights set forth in the R.S. 15:529.1(D), the defendant’s conviction and sentence as a multiple offender must be vacated. Id. at 149.
Thus, this error requires remand.
Accordingly, for reasons given above, the defendant’s conviction is affirmed, his sentence as to count one is amended to delete that portion requiring additional jail time in lieu of paying the $1000, and the case is remanded for a new multiple bill hearing as to the sentence on count two.
CONVICTION AFFIRMED; SENTENCE AMENDED AND REMANDED.