hPLOTKIN, Judge.
The issue in this appeal is whether there were any errors patent on the face of the record.
PROCEDURAL HISTORY
The defendant, August C. Jackson, was charged by bill of information on August 22, 2000, with simple escape in violation of La. R.S. 14:110(A)(1). At a hearing the trial court found probable cause and denied the motion to suppress the statement. After a trial a six-member jury found the defendant guilty as charged. The state filed a multiple bill charging Jackson as a triple offender, and after a hearing, at which the state proved the charge, he was sentenced to serve five years at hard labor under La. R.S. 15:529.1.
STATEMENT OF FACTS
Officer Kevin Seuzeneau testified that on June 28, 2000, he was on patrol wearing his uniform and driving a marked car when he saw the defendant commit a minor traffic violation and stopped him.[1] From his police computer, Officer Seuzen-eau learned that Jackson was wanted in | ¡Jefferson Parish. The officer then arrested August Jackson and took him to the *1101 Seventh District Station to complete the paperwork. Before leaving for Central Lockup, the defendant asked to use the restroom, and his handcuffs were removed while he was in the bathroom. When the officer put the cuffs back on Jackson, he complained that one was too tight, and as Officer Seuzeneau checked the cuffs, Jackson broke free and began running. Jackson had gone about two blocks when he tripped, and the officer was able to catch up with him and detain him. The defendant cursed the officer and then stated that if his hands had been in cuffs in front of him rather than behind him, he could have gotten away. The parties stipulated that a legal arrest precipitated the incident at issue at trial.
ERRORS PATENT
Counsel for defendant filed a brief requesting a review for errors patent. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Counsel filed a brief complying with State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241. According to these cases, a brief filed on behalf of the indigent defendant by appointed counsel which provides “a detailed discussion of various aspects of the case, including sufficiency of the evidence, the lack of objection to any of the testimony presented at trial, and the adequacy of the trial court’s compliance with Louisiana’s Sentencing Guidelines” is sufficient even if no errors are assigned. State v. Jyles, 704 So.2d at 241. Counsel’s detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel moved to withdraw because she believes, after a conscientious review of the record, that there is no non-frivolous issue for appeal. Counsel reviewed available ^transcripts and found no trial court ruling which arguably supports the appeal. A copy of the brief was forwarded to defendant, and this Court informed him that he had the right to file a brief in his own behalf. The defendant failed to file anything.
As per State v. Benjamin, this Court performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appeal record. Defendant was properly charged by bill of information with a violation of La. R.S. 14:110(A)(1), and the bill was signed by an assistant district attorney. Defendant was present and represented by counsel at arraignment, motion hearings, trial, and sentencing.
We note an error patent in the sentence. The defendant was sentenced under La. R.S. 14:110(B)(3), which provides for a sentence of not less than two years nor more than five years “provided that such sentence shall not run concurrently with any other sentence.” When Jackson was sentenced as a triple offender, the trial court did not state that the sentence was to be served consecutively to any other sentence the defendant was serving. However, this error is favorable to the defendant, and an appellate court may not amend or set aside an illegally lenient sentence on its own motion, when defendant alone has appealed, and the state has not raised the issue. State v. Fraser, 484 So.2d 122 (La.1986); State v. Gervais, 546 So.2d 215 (La.App. 4 Cir.1989).
CONCLUSION
An independent review reveals no non-frivolous issue and no trial court ruling which arguably supports the appeal. Defendant’s conviction and sentence are af *1102 firmed. Appellate counsel’s motion to withdraw is granted.
AFFIRMED.

. Jackson received a ticket for failure to signal when changing lanes and failure to wear a seatbelt.