501 So.2d 816 (1986)
STATE of Louisiana
v.
Alfred J. TAYLOR, Jr.
No. KA-2719.
Court of Appeal of Louisiana, Fourth Circuit.
December 22, 1986.
*817 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Rockne L. Moseley, Asst. Dist. Atty., New Orleans, for plaintiff.
Robert J. Oberfell, New Orleans, for defendant.
Before BARRY, WILLIAMS and ARMSTRONG, JJ.
BARRY, Judge.
The defendant was charged with possession of cocaine, La.R.S. 40:967. After his motions to suppress were denied, he pleaded guilty reserving his right to appeal under State v. Crosby, 338 So.2d 584 (La. 1976). He was sentenced to pay a $485 fine or serve six months in Parish Prison, plus $74 in court costs or an additional 30 days.
His one assignment of error contends the police had no justification for the initial stop and no probable cause for the subsequent search of his vehicle.

FACTS
Officer Frank Wicks of the Narcotics and Drug Abuse Section testified that on February 16, 1984 at approximately 11:40 p.m. he was on a two-week-old narcotics investigation at 2659 Cleveland St. for which a search warrant had been obtained. Using binoculars Officer Wicks watched the defendant stop his white van in front of the house, exit, then gaze in both directions down the street. He went to the front door, "fooled with" the mailbox, then moved back several feet. Officer Wicks interpreted the mailbox activity as a procedure (based on his two weeks of surveillance) for identification. The defendant was admitted to the house and stayed about five minutes. As he exited he put an object in his right front pants pocket. He looked up and down the street, then got into the van and drove off.
Officer Wicks concluded that a drug transaction had occurred and contacted Officers Goodey and Wethern (who were one block away) and told them to stop the van. Officer Goodey testified they followed the white van and its interior light was on and the defendant was counting money. Their interceptation of the van at Orleans and Claiborne Avenues was observed by Officer Wicks who verified that Goodey and Wethern had the correct van.
When the van stopped for a red light at Orleans Ave. and Broad St. the two officers asked the defendant to exit. Officer Goodey observed a clear plastic packet containing a white powder substance on the engine housing. He believed the packet contained cocaine and placed the defendant under arrest. During the subsequent search, Goodey found another packet of white powder in the defendant's pocket. The substance proved to be cocaine and the total weight was about 1½ grams. Officer Goodey advised the defendant of his rights and on the way to police headquarters he admitted getting the cocaine from 2659 Cleveland St.

LAW
Citizens are protected from unreasonable search and seizure. U.S. Const. Amend. IV; La. Const. Art. I, § 5. Stopping an automobile and detaining its occupants constitute a seizure even when the detention is brief and short of a traditional *818 arrest. U.S. v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981). The seizure must be reasonable, but the stop may be justified on facts that do not amount to probable cause necessary to arrest. Determining reasonableness requires balancing the need to search or seize against the invasion it entails. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
A Louisiana police officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand his name, address, and an explanation of his actions. La.C. Cr.P. art. 215.1; State v. Belton, 441 So.2d 1195 (La.1983), cert. denied 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). Reasonable cause for an investigatory stop is something less than probable cause and must be determined by considering the facts in each case. The police officer must have articulable knowledge of particular facts to reasonably suspect the detained person of criminal activity and thus to justify the infringement on the individual's rights to be free of governmental interference. State v. Sims, 426 So.2d 148 (La. 1983); State v. Williams, 421 So.2d 874 (La.1982). Reasonable cause can be based on the observations of fellow police officers. State v. Edwards, 406 So.2d 1331 (La.1981), cert. denied, 456 U.S. 945, 102 S.Ct. 2011, 72 L.Ed.2d 467 (1982).
We are satisfied that Officers Goodey and Wethern had reasonable cause to stop the white van driven by the defendant. The focus of a two week investigation and surveillance was a residence for which the officers had obtained a search warrant. Officer Wicks observed the defendant's van stop in front of the residence, his furtive glances up and down the street, the identification procedure at the mailbox, his admittance and exit after a five minute stay as he placed something in his pants pocket, and his hurried departure into the white van after looking in both directions.
Wicks properly notified Goodey of the suspected narcotics transaction and asked that the white van be stopped. Goodey intercepted the van (verified by Officer Wicks) and observed the defendant counting money as he drove with the interior light on. Under these circumstances there was reasonable cause to stop the van. See State v. Williams, 489 So.2d 286 (La.App. 4th Cir.1986).
Once the vehicle had been lawfully detained, for safety reasons the police officer could order the defendant driver to get out of the van without violating the Fourth Amendment. See Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977).
The fact that Officer Goodey observed the clear plastic packet of white powder on the engine housing when he legally stopped the van makes the "plain view" doctrine applicable. The officer inadvertently discovered the packet and it was immediately apparent that the packet contained cocaine. See State v. Hernandez, 410 So.2d 1381 (La.1982). His observations were made from a vantage point without intrusion upon the protected area.
The plain view discovery ripened the reasonable suspicion into probable cause. See State v. Smith, 489 So.2d 966 (La.App. 4th Cir.1986). However, when an officer observes evidence in a vehicle without entering a protected area, he may not seize the evidence without a warrant absent exigent circumstances or another exception to the warrant requirement. State v. Brown, 370 So.2d 525 (La.1979); State v. Parker, 355 So.2d 900 (La.1978). Plain view of contraband (alone) is never enough to justify a warrantless seizure of evidence.
We are satisfied the police had probable cause at that point. The van was movable, the occupant had been alerted, and the car's contents might never be found again. The "automobile exception" is applicable. See Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). There were also exigent circumstances *819 present since the van was temporarily stopped on a public street. Under the circumstances the seizure of the packet from the van was valid. See State v. Edsall, 385 So.2d 207 (La.1980).[1]
Once the officers had probable cause to arrest, the seizure of the additional packet after a search of the defendant incident to arrest was also valid. See State v. Doucet, 420 So.2d 953 (La.1982). The trial court properly denied the motion to suppress.
We have reviewed the record for errors patent and there are none.
The defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] We note that under New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), the officers could have possibly searched the entire passenger compartment as a search incident to arrest. The Louisiana Supreme Court has not decided to what extent it will follow Belton. In dicta in State v. Hernandez, 410 So.2d at 1385, the court declared it would continue to limit the search to the area from within which an arrestee could gain possession of a weapon or destructible evidence.