553 So.2d 967 (1989)
STATE of Louisiana
v.
Dwight E. ALBERT.
Nos. 88-KA-1251, 88-KA-1252.
Court of Appeal of Louisiana, Fourth Circuit.
November 16, 1989.
*968 Harry F. Connick, Dist. Atty., Sandra Pettle, Asst. Dist. Atty., of Orleans Parish, New Orleans, for appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant.
Before SCHOTT, C.J., and BYRNES and WILLIAMS, JJ.
WILLIAMS, Judge.
On April 13, 1988, defendant was charged with being a convicted felon in possession of a firearm, a violation of LSA-R.S. 14:95.1. On that same date, defendant was charged with one count of possession of cocaine, a violation of LSA-R.S. 40:967, and with one count of possession of marijuana, third offense, a violation of LSA-R.S. 40:966. In both cases, defendant filed motions to suppress the evidence and his confession, which were denied. Defendant pleaded guilty as charged on all counts, reserving his right to appeal as per State v. *969 Crosby, 338 So.2d 584 (La.1976). On the charge of being a convicted felon in possession of a firearm, defendant was sentenced to three years at hard labor without benefit of parole, probation, or suspension of sentence. On each of the remaining charges, defendant was sentenced to three years at hard labor, to be served concurrently with each other and with any other sentence.
Defendant appeals, alleging that the trial court erred in denying his motion to suppress the evidence and his motion to suppress his confession because the evidence and confession were obtained pursuant to an illegal arrest or investigatory stop. Because the initial investigatory stop and subsequent arrest of defendant were sufficiently justified under the facts of this case, and defendant's Fourth Amendment right to be secure in his person was not violated, we affirm defendant's conviction and sentence.
On February 25, 1988, Officers Paul Landry and Norman Caeser of the New Orleans Police Department were riding in an unmarked police car in the 1400 block of Foy Court in the St. Bernard Housing Project. The officers observed defendant and another subject in a stopped Cadillac. As the officers approached the Cadillac, Officer Caeser noticed that the subject in the driver's seat[1] attempted to light a rock-like substance. When they stopped along side of the Cadillac, both officers saw him place something in his mouth. The officers exited their car and ordered both subjects out of the Cadillac. Upon exiting the car, defendant admitted that he was in possession of a firearm. A fully loaded, .25 caliber, automatic weapon was found on defendant.
A name check revealed that defendant was wanted under several outstanding arrest warrants. The officers then arrested defendant and advised him of his rights. While in route to Central Lockup, defendant informed the officers that he was in possession of controlled dangerous substances and voluntarily surrendered three handrolled marijuana cigarettes and some rock cocaine.
Assignment of Error
By his sole assignment of error, defendant contends the trial court erred in denying his motions to suppress. Specifically, defendant argues that the police officers unlawfully arrested him without probable cause at the time he and his companion were ordered out of the car. Accordingly, he contends the confessions and evidence obtained thereafter were fruits of the illegal arrest and are inadmissible. Alternatively, defendant contends that the police officers lacked reasonable cause for an investigatory stop, rendering the confessions and evidence inadmissible. We disagree.
The Fourth Amendment, made applicable to the states by the Fourteenth Amendment, guarantees the right of the people to be secure in their persons against unreasonable searches and seizures. It is well settled that a search conducted without a warrant issued upon probable cause is per se unreasonable, subject only to a few specifically established and well delineated exceptions. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 2043, 36 L.Ed.2d 854 (1973); State v. Raheem, 464 So.2d 293, 295 (La. 1985); State v. Tomasetti, 381 So.2d 420, 423 (La.1980). One of these exceptions is a search incident to a lawful arrest made of a person and the area in his immediate control. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Raheem, 464 So.2d at 296; State v. Tomasetti, 381 So.2d at 423. In order to justify a search as incident to an arrest, the arrest must have already occurred and the arrest itself must have been lawful. State v. Raheem, supra; State v. Tomasetti, supra.
LSA-C.Cr.P. art. 201 defines arrest:
Arrest is the taking of one person into custody by another. To constitute arrest there must be an actual restraint of the person. The restraint may be imposed by force or may result from the submission *970 of the person arrested to the custody of the one arresting him.
Keyed to the concept of restraint, an arrest occurs when the circumstances indicate an intent to effect an extended restraint on the liberty of the accused, rather than at the precise time an officer tells an accused he is under arrest. State v. Raheem, supra; State v. Tomasetti, supra.
A warrantless arrest must be based upon probable cause. State v. Tomasetti, supra. Probable cause exists when the facts and circumstances known to the arresting officer and of which he has reasonably trustworthy information are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. Id., citing Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964).
The Fourth Amendment's protection against unreasonable search and seizure extends to an investigatory stop of a person, Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), as well as an investigatory stop of a vehicle and the detaining of its occupants, even when the detention is brief and stops short of a traditional arrest. U.S. v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981); State v. Taylor, 501 So.2d 816 (La.App. 4th Cir. 1986). Nevertheless, both Louisiana law and federal jurisprudence recognize that a law enforcement officer may stop and interrogate a person reasonably suspected of criminal conduct. LSA-C.Cr.P. art 215.1;[2]Terry v. Ohio, supra; State v. Belton, 441 So.2d 1195, 1198 (La.1983), cert. den., 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984).
Reasonable cause for an investigatory stop is something less than the probable cause required for an arrest and must be determined under the facts of each case. State v. Belton, 441 So.2d at 1198; State v. Taylor, 501 So.2d at 818; State v. Lee, 545 So.2d 1163, 1165 (La.App. 4th Cir.1989). The detaining officer must have articulable knowledge of particular facts to justify the infringement on the individual's right to be free from governmental interference. Id.; State v. Williams, 421 So.2d 874, 875 (La. 1982). See also Terry v. Ohio, 88 S.Ct. at 1879 [the test for determining reasonableness requires balancing the need to search or seize against the invasion which it entails]. Based upon the totality of the circumstances, the detaining officers must have a particularized and objective basis for suspecting the individual of criminal activity. U.S. v. Cortez, 101 S.Ct. at 695.
In view of the enumerated principles of law, the central issue before us then is whether the sanctity of defendant's person was violated by an unreasonable search and seizure so as to render the evidence and confessions inadmissible. We hold that it was not.
Reviewing the evidence in this case, we conclude that the officers had reasonable cause to conduct an investigatory stop of the Cadillac. As the officers approached the car, which was actually already stopped, Officer Caeser noticed the subject in the driver's seat attempt to light a rock-like substance. Upon seeing the officers, the subject immediately placed the substance in his mouth. These circumstances presented a sufficient basis to suspect the subject of attempting to smoke crack cocaine and sufficiently reasonable basis to justify the investigatory stop.
Once the vehicle was lawfully detained, for safety reasons the police officers could order the occupants out of the vehicle without violating the Fourth Amendment. State v. Taylor, 501 So.2d at 818. See Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 333, 54 L.Ed.2d 331 (1977). Nothing in the record indicates that at that point the officers effected an extended restraint upon the defendant *971 which would constitute an arrest, and probable cause was not required at that time.[3]
Upon alighting from the car, defendant volunteered to the officers that he was armed with a weapon, and in fact, a loaded automatic weapon was found on him. When the officers conducted a name check on the subjects and learned that defendant was wanted under several outstanding warrants, defendant was arrested and was advised of his Miranda rights. Thereafter, defendant apparently spontaneously confessed that he was in possession of controlled dangerous substances and surrendered the drugs.[4]
Under all of the circumstances, we conclude that the evidence and confessions were obtained pursuant to an initial investigatory stop and subsequent arrest which were sufficiently justified under the law and that the confessions and evidence were obtained without a violation of defendant's Fourth Amendment right to personal security. Accordingly, we hold that the trial court was correct in denying defendant's motions to suppress the confessions and evidence.
Error Patent
Our review of the record for errors patent revealed that the trial court erred when it failed to impose a fine in sentencing defendant for being a convicted felon in possession of a firearm, as LSA-R.S. 14:95.1 mandates the imposition of a minimum fine of $1000.00. However, this Court may not correct an illegally lenient sentence to the detriment of the defendant when the defendant alone has appealed and neither the defendant nor the State has sought review of the sentence. State v. Fraser, 484 So.2d 122, 124 (La.1986).
For the foregoing reasons, we affirm defendant's conviction and sentence.
AFFIRMED.
NOTES
[1] It is not clear from the record whether it was the defendant or his companion in the driver's seat of the car.
[2] LSA-C.Cr.P. art 215.1(A) reads:

A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
[3] Compare State v. Commodore, 418 So.2d 1330 (La.1982) [Police officers had reasonable cause to conduct an investigatory stop of defendants' vehicle and to request that the driver step out. Arrest was effected only when the officers clearly observed several small, aluminum foil packets, recognized as common containers of illicit drugs, on the rear seat and floor board of the vehicle and, as a result, the defendants were removed from the vehicle and ordered to stand at the rear of the car.].
[4] We note that defendant does not allege a violation of Miranda, but only that the confessions and evidence were obtained as a result of an illegal stop in violation of his Fourth Amendment rights.