GAUDIN, Judge.
This criminal case is before this Court pursuant to State v. Crosby, 338 So.2d 584 (La.1976). Bonnie Barrow pled guilty to possession of cocaine in the 24th Judicial District Court, reserving her right to appeal the trial judge’s denial of her motion to suppress evidence. We affirm.
Barrow, who was sentenced to one year at hard labor with credit for time served, was arrested following a police surveillance of an area in Gretna, Louisiana known for street sales of narcotics.
Gretna detective Anthony Christi-ana testified at the motion to suppress hearing that he drove to the 1300 block of Leboeuf Street on December 2, 1988 in an unmarked car after receiving information about drug activity. At approximately 7:15 p.m., Christiana said that he saw a black male walk from the courtyard of one of the apartments to the driver’s side of a grey Chevrolet Monte Carlo automobile. After a few moments, the black male was observed to reach down and “fool” with his left ankle, then stand up and place both hands inside the vehicle. Shortly thereafter, the car drove off.
As this activity was consistent with information the Gretna police department had been receiving, Christiana followed the Chevrolet. While driving behind the other car, Christiana stated that he was contacted on the police radio by another detective, Russell Lloyd, who said he had also witnessed the apparent sale on Leboeuf Street. Lloyd was in a separate unmarked automobile.
Christiana and Lloyd stopped the Chevrolet at the intersection of the West Bank Expressway and Terry Parkway in Gretna. The three occupants, including Barrow, were ordered out of the car and a weapons check was conducted. The three were told that an investigation was in progress and the three were advised of their Miranda constitutional rights.
Christiana said that he saw a cellophane cigarette wrapper on the console of the bucket seats. Inside the wrapper were two white rocks. Because of past training and experience, Christiana believed the white rocks to be crack cocaine. After a field test indicated that the white rocks were in fact crack cocaine, Barrow and the other two were arrested.
Following Christiana’s testimony at the suppression hearing, the trial judge denied Barrow’s motion.
On appeal, Barrow argues that Christia-na only observed suspicious activity and that he did not have reasonable cause to stop the Chevrolet. Further, Christiana did not have legal cause to look into the automobile and then seize the white rocks. She cites State v. Lee, 485 So.2d 555 (La.App. 5 Cir.1986), which points out that the circumstances under which a policeman may stop a person for questioning are both constitutionally and statutorily constrained. The right to make a stop must be based on reasonable cause or suspicion that the suspect has been or is about to be engaged in criminal conduct.
Barrow also relies on State v. Cuevas, 526 So.2d 1346 (La.App. 5 Cir.1988), in which a conviction for possession of marijuana was reversed because of an illegal and unreasonable police inquiry.
In defining reasonable suspicion, this Court, in State v. Morgan, 540 So.2d 614 (La.App. 5 Cir.1989), writs denied at 548 So.2d 321 (La.1989), said at page 616:
“ ‘Reasonable suspicion’ for an investigatory detention is something less than probable cause and must be determined under the facts of each case; the officer must have articulable knowledge of particular facts to reasonably suspect the detained person of criminal activity and thus to justify the infringement of the individual’s right to be free from governmental interference. State v. Williams, *367 421 So.2d 874 (La.1982); State v. Wiley, 507 So.2d 841 (La.App. 5th Cir.1987).”
In State v. Pautard, 485 So.2d 909 (La. 1986), the Supreme Court of Louisiana dealt with a factual senario similar to the circumstances involving Barrow’s arrest. In concluding that the Pautará police officer had made a valid investigatory stop, the Court said at page 911:
“Sergeant Hilbun was an experienced police officer, having served thirteen years with the Baton Rouge Police Department at the time of the detention and arrest. At least six of these years were spent patrolling the area of 38th and Cain and Sergeant Hilbun knew of its reputation as a drug-trafficking area. At 3:00 a.m., he observed a black male approach two white persons in a vehicle parked in a closed service station. After the person departed and the occupants of the vehicle noticed Sergeant Hilbun, they quickly exited the area and did not stop until they were pulled over by Sergeant Hilbun several blocks away. During the pursuit, Sergeant Hilbun radioed to a backup unit that he saw the passenger eating something, and he was concerned that evidence was being destroyed. We conclude that Sergeant Hilbun’s knowledge of these facts, in conjunction with the reasonable inferences drawn therefrom, was sufficient to give a trained police officer reasonable cause to believe that defendants were engaged in criminal conduct. Hence, the subsequent investigatory stop of defendants was legal.”
Christiana, in the case now before this Court, was an experienced police officer and was fully justified in going to Leboeuf Street and then stopping the automobile Barrow was in. He had the right to look inside the vehicle and to see what was in plain view, i.e., the white rocks. We note that Christiana had not instituted a search of the car’s interior before observing the narcotics in the cellophane wrapper.
The trial judge found no prohibited unconstitutional acts by the police and neither do we.
We searched the record of errors patent and found none.
AFFIRMED.