JjBAGNERIS, Judge.

STATEMENT OF CASE

Adrian S. Alen was charged by dual bills of information on September 30, 1998, with possessing a dangerous weapon while in possession of a controlled dangerous substance, a violation of La. R.S. 14:95(E), and with resisting an officer, a violation of La. R.S. 14:108. At his arraignments on October 13, and October 20, 1998, he entered pleas of not guilty. On October 23, 1998, the court granted the defendant’s motion to suppress statement in the weapons ease. On December 8, 1998, the trial court consolidated the cases. On February 5, 1999, the court denied the defendant’s motion to suppress the evidence, and he changed his plea to guilty to amended charges of simple possession of cocaine (La. R.S. 40:967) and illegal carrying of weapons (La. R.S. 14:95), reserving his rights under State v. Crosby, 338 So.2d 584 (La.1976) and North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). That same day, the court sentenced the defendant to five years at hard labor, suspended, two years active probation, with conditions on the simple possession charge, and to six months suspended, two years active probation, with conditions, on the weapons charge.
| STATEMENT OF FACT
On September 18, 1998, at about 4:30 a.m., Orleans Levee District Police Officer Norwood Spencer was on patrol on St. Bernard Avenue. As he attempted to pass the defendant’s vehicle, which was headed in the same direction, the defendant’s vehicle swerved into his lane, forcing the officer’s car off the road. The officer activated his car’s lights and sirens and began to follow the defendant, signaling him to pull over. The defendant ignored the officer’s signals and continued to drive erratically, with the officer in pursuit, until he reached his residence on Soldiers Street. The defendant turned into his driveway, opened the automatic garage door and parked his vehicle in the garage. Officer Spencer parked his vehicle in front of the defendant’s residence, exited, walked up the driveway to the garage and ordered the defendant out of his vehicle. The defendant did, not immediately respond. When he did get out of the car, he swayed up to the officer and asked what he wanted. The officer detected the smell of alcohol on the defendant’s breath. Officer Spencer asked the defendant to submit to a field sobriety test, but the defendant refused and attempted to enter his house. The officer had to physically escort the defendant to his patrol car to attempt the test. The defendant refused the test, admitted that he had been drinking and became *94 combative, which prompted Officer Spencer to call for backup. Sgt. Albert Pellit-teri, another Levee Board Police Officer, responded to the backup call. Officer-Spencer arrested the defendant for DWI, handcuffed him, read him his Miranda rights and seated him in the patrol car. The officer then went to the defendant’s car to retrieve registration papers and proof of insurance. As the officer approached the defendant’s vehicle, he noticed a small black pouch on the front seat of the car containing several small bags filled with a white powdery substance. Suspecting that the |ssubstance was cocaine, Officer Spencer showed the pouch to Sgt. Pellitteri. When the defendant saw Officer Spencer holding the pouch, he asked the officer if he had entered his (the defendant’s) house and found it. As a result of the discovery, the officers secured a search warrant for the defendant’s house and found numerous guns and drugs throughout the house.

ERRORS PATENT

A review for errors patent on the face of the record reveals none.

ASSIGNMENT OF ERROR NUMBER 1

In the first of two assignments, the defendant argues the evidence should have been suppressed because it was seized in an illegal search. Specifically, he maintains that the search of his car, which led to the discovery of the cocaine, was unlawful because he was stopped for a traffic violation and the officer had no reason to believe his car contained contraband.
There is no merit in this assignment.
The seizure of the cocaine can be upheld pursuant to the plain view exception to the warrant requirement. In State v. Smith, 96-2161 (La.App. 4 Cir.6/3/98), 715 So.2d 547, 549, this court discussed the exception:
In order for an object to be lawfully seized pursuant to the “plain view” exception to the Fourth Amendment, “(1) there must be a prior justification for the intrusion into a protected area; (2) in the course of which the evidence is inadvertently discovered; and (3) where it is immediately apparent without close inspection that the items are evidence or contraband.” State v. Hernandez, 410 So.2d 1381, 1383 (La.1982); State v. Tate, 623 So.2d 908, 917 (La.App. 4 th Cir.), writ denied 629 So.2d 1126 (La.1993), 629 So.2d 1140 (La.1993). In Tate, this court further noted: “In Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990), the Court held that evidence found in plain view need not have been found “inadvertently” in order to fall within this exception to the warrant requirement, although in most cases evidence seized pursuant to this exception will have been discovered inadvertently.” Tate at 917,
|4In this ease, the officer attempted to make a traffic stop. The defendant ignored the officer’s flashing lights and siren signaling him to pull over. Only after the defendant drove some ten blocks, with the officer in pursuit, and pulled into his garage was the officer able to effect the stop. The smell of alcohol on the defendant’s breath, his refusal to submit to a field sobriety test, and his resisting the officer constituted probable cause to arrest the defendant for DWI. Pursuant to the traffic stop, the officer sought from the defendant a driver’s license, registration on the defendant’s vehicle and proof of insurance. The defendant refused to cooperate resulting in the officer’s approaching the vehicle to retrieve the documents whereupon he discovered the contraband in plain view.
Nevertheless, the defendant contends that the facts of his case are identical to those of State v. Hernandez, 410 So.2d 1381 (La.1982). In Hernandez two Gonzalez police officers pursued Hernandez to his home after noticing his reckless driving and speeding through the city. After Hernandez parked his car in his driveway and exited the vehicle, he was immediately arrested for DWI and reckless operation of a *95 motor vehicle. As the arresting officers were removing Hernandez from the scene, Officer Pasqua arrived to secure Hernandez’s vehicle for towing. Officer Pasqua inspected the interior of the defendant’s vehicle and discovered two marijuana cigarettes on the front console and a third marijuana cigarette on the floorboard. The state argued that the search and seizure were justified by the “plain view” exception to the search warrant rule. The court rejected the state’s argument noting:
The state clearly failed to carry its burden of proving that the officer who conducted the search had a prior justification for his intrusion into a protected area. There was no showing that officer Pasqua had justification for entering defendant’s private property and approaching defendant’s car after defendant’s full custodial arrest and | .¡removal from the scene. The record indicates that defendant parked and exited from his vehicle in a driveway on private property before the police arrived. Immediately thereafter, the officers drove up, arrested the defendant, searched him, and removed him from the scene in handcuffs. Well after his fellow officers had departed with defendant in custody, Pasqua reentered the property and conducted a search of the automobile. Consequently, when Pasqua seized the items of evidence from the automobile he lacked one of the essential underpinnings for a plain view seizure, namely, justification for an intrusion into a protected area. State v. Banks, 363 So.2d 491 (La.1978).
Unlike Officer Pasqua in the Hernandez case, in this case Officer Spencer was the arresting officer. He did not arrive on the scene as backup police presence after the defendant was arrested and removed from the scene. In an attempt to complete his investigation of a traffic violation, Officer Spencer had prior justification for the intrusion in the protected area. He entered the garage, and looked into the defendant’s car in an attempt to verify vehicle registration and insurance in order to complete his investigation of the traffic offense. Thus, Officer Spencer was justifiably in a position where he could see what appeared to be a bag of contraband before he even entered the ear. The trial court did not abuse its discretion in denying the defendant’s motion to suppress the evidence.

ASSIGNMENT OF ERROR NUMBER 2

In a second assignment of error, the defendant complains the trial court erred by not suppressing the evidence that was seized pursuant to the improperly issued search warrant.
|Jn essence the defendant claims that because the search of his vehicle was illegal, the fruit of that search was tainted and hence impermissibly relied upon for issuance of the search warrant for his residence.
Based upon the resolution of the first assignment of error, this second assignment has no merit.

CONCLUSION

Accordingly, the defendant’s convictions and sentences are affirmed.

CONVICTIONS AND SENTENCES AFFIRMED.

LANDRIEU, J., DISSENTS AND ASSIGNS REASONS.