hPER CURIAM.
On March 7, 1997, New Orleans Police officer Raymond Veit and several other agents of the NOPD/ATF Project Safe Home Task Force responded to a call received through the ATF’s gun hotline. According to the police dispatcher, the anonymous caller indicated that several young African-American men were engaging in illegal narcotics transactions in the 2100 block of Le-bouef Street, on the courtyard side of the Fischer Housing Development. Upon arriving at the scene, Officer Veit observed several African-American men standing in the courtyard. One of the young men was defendant J.B. When J.B. saw the police, he ran across the courtyard towards a flight of stairs. Officer Veit and Agent David Millen of the ATF pursued the defendant. While chasing the defendant, Veit observed the defendant carrying a clear plastic bag in his hand. When the defendant neared the stairs in the building, he dropped the bag. The defendant then stopped and surrendered to Agent Millen. Officer Veit retrieved the bag and ^observed that it appeared to contain fifteen marijuana cigars. The defendant was then placed under arrest for possession of marijuana.
This matter is on remand from the Louisiana Supreme Court. The State originally sought supervisory writs of review in this Court from the trial court’s judgment granting the defendant’s motion to suppress the evidence. On April 1, 1998, this court denied writs. See State in the Interest of J.B. 98-C-0402 (La.App. 4 Cir. April 1, 1998). Thereafter, the State filed an application for supervisory and/or remedial writs with the Louisiana Supreme Court. On September 25, 1998, the Supreme Court granted the State’s writ application and remanded the matter to this Court for briefing, argument and opinion. Oral arguments were held on December 4, 1998! After hearing the argument of counsel and reviewing the record, we conclude that the trial court erred when it determined that the police officers did not have reasonable cause to make an investigatory stop.
Reasonable cause for an investigatory stop is something less than probable cause for arrest and must be determined under the facts of each ease. The issue is whether the officers had sufficient knowledge of facts and circumstances to justify an infringement on the individual’s right to be free from government interference. The right to make an investigatory stop must be based upon reasonable cause to believe that the suspect has been, is, or is about to be engaged in criminal activity. State v. Ossey, 446 So.2d 280 (La.1984), cert. den. Ossey v. Louisiana, 469 U.S. 916, 105 S.Ct. 293, 83 *535 L.Ed.2d 228 (1984); State v. Belton, 441 So.2d 1195 (La.1983), cert. den. Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Andrishok, 434 So.2d 389 (La.1983). The detaining officer must have knowledge of specific, articulable facts which reasonably warrant the stop. State v. Lee, 462 So.2d 249 (La.App. 4th Cir.1984). The totality of the circumstances must be considered in determining whether reasonable cause exists. State v. Belton, supra, U.S. v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981).
La.C.Cr.P. art. 215.1 allows a police officer to stop a person in a public place whom “he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.” If the evidence was derived from an unreasonable search or seizure, the proper remedy is exclusion of the evidence from trial. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914); State v. Tucker, 626 So.2d 707 (La.1993).
The Louisiana Supreme Court has previously ruled that flight from police officers, alone, will not provide justification for a stop. State v. Belton, supra. This activity, however, is highly suspicious and, therefore, may be one of the factors leading to a finding of reasonable cause. Belton, 441 So.2d at 1198. Recently, the Louisiana Supreme Court has held that “[gjiven the highly suspicious nature of flight from a police officer, the amount of additional information required in order to provide officers a reasonable suspicion that an individual is engaged in criminal behavior is greatly lessened.” State v. Benjamin, 97-3065, p. 3 (La.12/01/98), 722 So.2d 988.
bln Benjamin, the police officers were on routine patrol when they observed the defendant walking. When the officers came alongside thedefendant in their patrol car, the defendant clutched at his waistband and began to run away. The officers stated that it appeared the defendant was holding his waistband as if he were supporting a weapon. The Supreme Court held that these facts “known to the officers were sufficient to raise a reasonable suspicion that Defendant either was engaging or was about to engage in criminal activity and, thus, justified a stop.” Id.
In the present case, the officers responded to a complaint of illegal narcotics activity. When they arrived on the scene, the officers saw a group of men huddled together on one end of the courtyard. When the defendant saw the officers, he ran from the scene. Officer Viet and Agent Millen pursued the defendant on foot. Officer Viet testified that the defendant was several feet in front of them. As the defendant approached a stairwell in the development, he dropped the plastic bag he was carrying. Officer Viet stated he saw the defendant drop the bag. After dropping the bag, the defendant then turned and complied with the officers’ request to halt. Officer Viet then retrieved the bag and found it contained fifteen marijuana cigars. The facts indicate the police officers did not draw their weapons and defendant was not surrounded. In fact, Officer Viet acknowledged he was a few feet behind Agent Millen as he was not a fast runner. The officers had reasonable cause to stop the defendant after he abandoned the marijuana. The anonymous phone call coupled with the officers’ observations, the defendant’s flight and ^abandonment of the marijuana, provided sufficient information for the officers to have a reasonable belief that the defendant was engaging in criminal activity.
Accordingly, the state’s application for supervisory writs is hereby granted. The trial court’s ruling granting the defendant’s motion to suppress the evidence is reversed and the matter is remanded to the trial court for further proceedings.

WRIT GRANTED; REVERSED AND REMANDED.